**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4583**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARIEL ALTAVIOUS LYLES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:20-cr-00256-MOC-DSC-3)

_____

Submitted:  March 15, 2024                         Decided:  March 20, 2024

_____

Before AGEE and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Denzil H. Forrester, THE LAW OFFICES OF DENZIL H. FORRESTER, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dariel Altavious Lyles pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  The district court sentenced Lyles to a below-Sentencing-Guidelines-range term of 120 months' imprisonment and three years' supervised release.[1] Lyles timely appealed, and his counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal but questioning whether Lyles' sentence was reasonable.  Although notified of his right to do so, Lyles did not file a pro se supplemental brief, and the Government declined to file a response.  Upon reviewing the record,[2] we ordered the parties to file supplemental briefs addressing whether the inconsistency between the court's oral pronouncement at sentencing of one of the discretionary conditions of supervised release and the written judgment constituted reversible error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).  Having reviewed the parties' submissions, we affirm.

We review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard."  *United*

---

[1] Because Lyles received the benefit of the safety valve reduction, the district court was able to sentence him below the otherwise-operative statutory mandatory minimum of five years' supervised release.  *See* 18 U.S.C. § 3553(f).

[2] Lyles' written plea agreement included an appellate waiver.  But because the Government did not move to enforce the waiver, we conducted a full review pursuant to *Anders*.  *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

*States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). If the sentence is free of significant procedural error, we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "A sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). "On appeal, such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors." *Id.* (cleaned up).

Here, the district court correctly calculated Lyles' advisory Guidelines range, heard argument from counsel, provided Lyles an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the chosen sentence. And because Lyles has not demonstrated that his sentence is unreasonable when measured against the § 3553(a) factors, he has failed to rebut the presumption of reasonableness afforded his below-Guidelines sentence. *See id.* We therefore conclude that Lyles' sentence is both procedurally and substantively reasonable.

3

Next, we review Lyles' sentence for *Rogers* error.  In *Rogers*, we held that the district court must orally announce all non-mandatory conditions of supervised release at the sentencing hearing.  961 F.3d at 296.  "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required."  *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).  We "review the consistency of the defendant's oral sentence and the written judgment de novo."  *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (cleaned up).

In his supplemental brief, Lyles argues that the district court committed *Rogers* error because the description of the first non-mandatory supervised release condition in the written judgment materially differs from the court's oral pronouncement of that condition at sentencing.  At sentencing, the district court ordered that, upon his release from custody, Lyles was to report to the probation office in the federal judicial "district to which [he] is released."  (J.A. 111).[3]  The judgment, however, instructed Lyles to report to the probation office in the "district where he[] is authorized to reside."  (J.A. 118).  Lyles asserts that this facial discrepancy constitutes *Rogers* error.

To be sure, a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error.  *See Cisson*, 33 F.4th at 191, 194 & n.6.  However, Lyles has failed to demonstrate that the oral and written judgments are reversibly inconsistent under *Rogers*.  The district court at sentencing not

---

[3] "J.A." refers to the Joint Appendix filed by the parties in this appeal.

4

only ordered Lyles to report to the district to which he is released, but also orally pronounced through incorporation the standard conditions listed in the Western District of North Carolina's standing order—which included the condition that Lyles report to the probation office in the district where he is authorized to reside. Thus, the orally announced sentence was ambiguous as to the reporting requirement. And "where the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent." *Rogers*, 961 F.3d at 299. We are therefore satisfied that the written judgment's inclusion of the reporting condition listed in the district's standing order "may be construed fairly as a clarification of an otherwise vague oral pronouncement," confirming the court's intent to require Lyles to report to the probation office in the district where he is authorized to reside. *Id.*

Accordingly, we affirm the criminal judgment. This court requires that counsel inform Lyles, in writing, of the right to petition the Supreme Court of the United States for further review. If Lyles requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lyles. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*